I understand that everyone is here except for one attorney on one of the cases. We'll see if he gets here. In the meantime, we will proceed with the first case Perez v. Harbor Freight Tools. May it please the court. My name is Jason Engelstein. This case may look like a hard one for you to reverse. But let me explain why you should. This is a case between an innocent individual and a tortfeasor. And normally, with filing a discrimination charge with the EEOC in the state of New York, you're given 300 days to file those discrimination charges. The innocent individual was told by the EEOC, or was told by communication with the EEOC, that he had three years to file his discrimination charge. Now, the burden has to either fall on the decision of this court on the innocent individual or the tortfeasor. The innocent individual is . . . I don't believe the court wants to discourage people with similar claims to those of the innocent individual of the appellant. The burden should fall on the tortfeasor. Is a vague affidavit by your client with respect to being told this, it's not a very precise one as to what he was told, who told him, and when, enough to raise a question of fact. There are many courts which have held that third-party statements of that sort do not hold, so that it may be that that is not enough. But even assuming that it does, is what your client did enough under our rules to raise a material question of fact on that? By what my client did? I'm not quite sure I understand. Your client submitted an affidavit that said that somebody had told him this. It's a very vague affidavit. It's not a specific one. It doesn't say who told him when and what, so that even assuming what is uncertain in the law, that if somebody said, yes, the EEOC person told him that he had 300 days, that that would be enough. Is what your client submitted enough? You're saying we should be sympathetic. I am sympathetic, but I got to have enough data to say that your client has raised a question. I agree with you, but Judge Spat of the lower court, he ruled on, he decided on a summary judgment. It was not the motion that was made by an appellee. The appellee made a motion to dismiss, but in a motion of summary judgment, the court must give the non-moving party, which is the appellant, the view in the most favorable light. What evidence did your client provide? He provided this affidavit. He says in or about November of 2012. He doesn't say what date. He doesn't give a name or a title of the person with whom he spoke. There are just no details. Is that enough? Is that enough to raise a genuine issue of fact as to equitable estoppel? I don't believe the court wants to discourage those individuals. My question is, is that a sufficient evidentiary basis to withstand summary judgment? When looking at the appellant in the most favorable light, which is required for a summary judgment ruling, I believe it is. It must be, because you must assume that the best scenario of the non-moving party in a summary judgment. This case didn't even reach discovery. If it had reached discovery, completed discovery, and then the court had ruled on a summary judgment motion, that's a different story. But this case didn't even reach that. The ruling by Judge Spaulding was premature. What does that mean, was premature? It was prior to discovery. This is Judge Winter in Connecticut. What in particular would you have sought discovery on with regards to the statute of limitations? We would have contacted the EEOC to possibly discover who the appellant had discussed or communicated with, and any other communications that... You didn't do that before you filed his affidavit? I am not sure what the firm has done, but... When your client did submit an affidavit, so he at that point have gone to the EEOC and gotten this, identified the person as you have suggested, why couldn't he have done it then? Well, the client has also suffered severe... That's a totally different thing about which there is considerable doubt on the record, because he filed other suits during the time that he was supposedly disabled. He took a trip to Spain, so that... Again, these are accusations being made by the appellees. Again, there's no... It's not an accusation that he filed other suits. No, but the filing was done prior to... Okay, he filed the claim against Weber-Nava et al. before he had sustained any injuries. Those were filed in... I think the complaint was filed in January... I don't know if it was 16th, of 2013. So he suffered after that. He suffered, not only at his next job, he suffered injuries, but he also was... He was unfortunately subject to a car collision. Good. So the question is, do... This court wants, I believe, wants individuals who suffer from religious employment discrimination to bring their claims before this court of justice. There's no doubt about that. The question is, has this person brought enough so that we can say that he has raised a material question of fact? And it's that, that it isn't enough for somebody just to say vaguely, somebody told me that I had plenty of time. That just isn't what the case is saying. There has to be something more definite or some clear reason why he couldn't do that. And that's what... I don't believe the court wants to tell individuals in the public that their situation must follow within certain... You've said that for the third time. No, but I don't... The question is, you still have to comply with the rules and you still have to comply with the time limitations. He believed he was complying with the rules because he was informed that he had three years to file his claim, his claim. If the court wants individuals to feel like they're, they're limited to only certain circumstances in which they can bring these claims, it will discourage individuals when they already feel discouraged by the emotional or other suffering that they might have suffered from the discrimination they might have been subject to. All right. Thank you. You saved some time for rebuttal. Yes. We'll hear from the other side. Good morning, your honors. May it please the court. My name is Matthew Maynard of the law firm Lamb and Barnosky and my firm represents Harbor Freight Tools in this matter. To get right to the point, the question that has been posed repeatedly is, was the affidavit legally sufficient? The answer is very simple. No. Wholeheartedly no. The affidavit that Mr. Perez submitted in this case says that on some unspecified date, he spoke with an unnamed individual whose title he doesn't know, or I shouldn't say he doesn't know, he didn't put it before the court, and that they told him that he had three years to file a discrimination complaint when my experience is that everybody at the EEOC knows otherwise. But, notwithstanding that, the legal issue is summed up in this court's decision in Cy versus Rockefeller University. It says, quote, Cy has not provided any evidence, such as the name of the representative or the date on which she spoke with the representative, to corroborate her assertion that an EEOC representative gave her erroneous information, period, close quote. It's the same issue that has occurred here. And in the Cy case, the plaintiff had not sustained her burden to demonstrate the tolling was appropriate. Here, we have a similar affidavit, similarly vague, and not only is it vague, but it also flies in the face of undisputed facts. Mr. Perez's attorney says, well, these are allegations made by the appellee. No, they're not. Mr. Perez was subject to a deposition twice during the period he claims he was incapacitated, and he testified about his conversations with the EEOC. And at no point does his testimony match up with the affidavit he now submits. So, in addition to the problem of his affidavit being insufficient, it's also contrary to his own prior statements. And it can't be credited. You can't receive a favorable inference when you have inconsistent statements on the record. In addition, I would like to just point out, the burden here was always on the plaintiff to make out that tolling was appropriate. The burden doesn't fall on Harbor Freight or a defendant to establish that they shouldn't have to worry about equitable tolling. There's no doubt about that, but the question remains is, is an affidavit enough to raise a material question of fact? And you say, no, because this affidavit is too vague. But if there had been a non-vague affidavit, then that would be enough to meet that burden. And the question of whether a third party is enough or not would have to be decided. Yes, Your Honor. I would agree with the caveat that not necessarily just an affidavit, if there had been other corroborating details. In other cases, there have been instances where a plaintiff has submitted, for instance, a draft of the complaint that was submitted. Some communication, some corroboration that this conversation with the EEOC ever took place. I'm not ready to say that a specific affidavit by a party at summary judgment reading everything in favor of a party, as we must, is not enough. Where there's more, there's more. But anyway, that's a different issue. Just to come back to, also, there's two elements here. Not just whether or not there existed extraordinary circumstances, which is the affidavit issue. There is also the issue of whether or not Mr. Perez was reasonably diligent in pursuing his claims. And here, this is an issue that the district court glossed over, is not the correct term, but did not address. And Judge Spatt didn't address it because he had concluded on the first element that the plaintiff can't win. But if this court were to go the other way, the record is clear that Mr. Perez was not reasonably diligent. During this period of time, this nearly three years, he pursued another action, appeared at court conferences, was deposed twice, and he testified, not that he took one trip, he testified that he took eight trips to Spain. During the period of time when he says he was in bed and unable to pursue his discrimination claim, I'd also note that Mr. Zak's office is his lawyer in both cases. So when he says that he only retained a lawyer at a particular date, was unable to pursue his claims, that's just not consistent with the undisputed facts. And on summary judgment, the undisputed facts went out, not simply Mr. Perez's hopes and wishes and afterthoughts and statements. With respect to the issues, again, I would reiterate to the Court that Mr. Perez has not met his burden here, and I would ask the Court to uphold the lower Court's dismissal of this case. Thank you, Your Honor. We'll hear the rebuttal. As Appellee has let you know that in his depositions, he claims that the appellant said he spoke with the EEOC and did not claim any of these, and said that he didn't claim any of these charges. The transcript shows that the appellant was asked if he told the EEOC about any specific charges, but it doesn't necessarily disagree with the claim that the appellant is making that he spoke about how much time he would have to make charges, any charges. So I don't think Appellee has addressed that issue. And furthermore, as I previously said, I believe that the Court doesn't want to tell individuals that they have to fall into a certain perfect type of behavior. And yes, while the appellant had started a second case prior to his injuries, after starting those cases, he suffered injuries. Now, he may still be passionate and desire to see the furtherance of the claims he has raised, but that doesn't require him to do everything. I think it's asking for injured individuals to do more than they're possibly capable of doing. And I don't believe the Court wants to send that message to individuals when they suffer from their life. No life is perfect and no situation is perfect. And the appellant has tried to do the best of his ability to comply with the information he was told or communicated with. Thank you. Thank you. What was our decision?